IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39989

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 388 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 21, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JAMES GERALD RHOADS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Michael E. Wetherell, District Judge.

Judgment of conviction for felony driving under the influence and operating a vehicle without the owner's consent, affirmed.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.  Sally J. Cooley argued.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.  John C. McKinney argued.

_____

GRATTON, Judge

James Gerald Rhoads appeals from his judgment of conviction for felony driving under the influence, Idaho Code § 18-8004, and felony operating a vehicle without the owner's consent, I.C. § 49-227.  Rhoads alleges the district court erred by admitting a hearsay statement as an excited utterance.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Rhoads and a twenty-year-old woman (C.H.) spent the morning consuming alcohol and later obtained a gallon of wine on the way to the apartment of C.H.'s friend.  Eventually, Rhoads and C.H. left the apartment with the bottle of wine, and without permission took the friend's vehicle.  The friend called police and was later notified that her vehicle was involved in an accident on Bogus Basin Road.  The vehicle had slid off the road and hung over a cliff-- supported only by a barbed-wire fence.

1

At some point after the accident, the pair climbed up an embankment and began to walk down the road. A witness testified that he observed Rhoads and C.H. arguing, struggling, or trying to hold each other up. Both were covered with mud from the knees down and were barefoot. The man did not see the vehicle at first but once he pulled to the side of the road, he could see the vehicle hanging over the edge of the cliff against the barbed wire. The man testified that C.H. took a swing at Rhoads' arm and yelled that he had wrecked her friend's car. Rhoads objected to this testimony, but the court allowed the testimony as an excited utterance. When the man told Rhoads he reported the accident, Rhoads became distraught and left followed by C.H.

Due to the cold weather, the responding officer had Rhoads and C.H. sit in the back of her patrol car. A video was admitted showing Rhoads and C.H. in the back of the patrol car discussing that another individual, Jeff, had crashed the vehicle and ran off after the accident. At one point during the video, C.H. said that Rhoads was the driver. Rhoads responded by telling her not to talk. C.H. then fell back into the narrative that Jeff was the driver but later admitted that Jeff was a fictitious person. Rhoads' sunglasses were found between the driver's seat and the driver's door. Officers also recovered the bottle of wine, now empty, from the back seat of the vehicle. Rhoads' breath test returned at .271 and .275 breath alcohol content.

The State charged Rhoads with felony driving under the influence, felony operating a vehicle without the owner's consent, and failure to report an accident. At trial, it was the defense theory that C.H., not Rhoads, was driving at the time of the accident. C.H. testified that she remembered only bits and pieces of the evening of the accident. She first remembered trying to rest at her friend's apartment because she was overly intoxicated. She then remembered looking for cigarettes in the vehicle while Rhoads was driving and then remembered crawling out of the passenger door with Rhoads following behind her. Several days after the accident, she was diagnosed with a concussion, back strain, and abdominal strain. The windshield on the passenger side was partially cracked, which may explain how she received the concussion. Rhoads offered photographs that showed mud throughout the interior of the vehicle, that the seat was close to the steering wheel, and two large shoes were on the passenger side.[1] The State's

---

[1] The veracity of Rhoads' photographs was subject to considerable doubt. There was little foundation laid before the photographs were admitted and it is unclear who took the photos,

photographs showed mud on the rear of the vehicle, which suggests Rhoads or C.H. either leaned against the vehicle or attempted to free it. Rhoads was found guilty on the first two charges, but the jury acquitted him on the failing to report an accident charge. Rhoads timely appeals.

## II.

## ANALYSIS

Rhoads alleges the district court abused its discretion by allowing the witness to testify that C.H. said Rhoads wrecked her friend's vehicle. The State argues Rhoads failed to challenge the court's alternative ruling on appeal that C.H.'s statement, indicating Rhoads wrecked the car, was also admissible as a prior consistent statement under Idaho Rule of Evidence 801(d)(1)(B). The State further asserts that the statement was properly admitted as a prior consistent statement. However, we need not decide these issues because we hold that any error was harmless.

"Where a defendant alleges error at trial that he contemporaneously objected to, this Court reviews the error on appeal under the harmless error test." *State v. Almaraz*, 154 Idaho 584, 600, 301 P.3d 242, 258 (2013) (citing *State v. Perry*, 150 Idaho 209, 222, 245 P.3d 961, 974 (2010)). "A defendant appealing from an objected-to, non-constitutionally-based error shall have the duty to establish that such an error occurred, at which point the State shall have the burden of demonstrating that the error is harmless beyond a reasonable doubt." *Almaraz*, 154 Idaho at 600-01, 301 P.3d at 258-59 (quoting *Perry*, 150 Idaho at 222, 245 P.3d at 974). The State's burden is to prove: "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *Perry*, 150 Idaho at 221, 245 P.3d at 973 (quoting *Chapman v. California*, 386 U.S. 18, 24 (1967)). The United States Supreme Court has explained that:

> To say that an error did not "contribute" to the ensuing verdict is not, of course, to say that the jury was totally unaware of that feature of the trial later held to have been erroneous. . . . To say that an error did not contribute to the verdict is, rather, to find that error unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record.
>
> *Yates v. Evatt*, 500 U.S. 391, 403, 111 S. Ct. 1884, 1893, 114 L. Ed. 2d 432, 448 (1991), overruled in part on other grounds by *Estelle v. McGuire*, 502 U.S. 62, 72 n.4, 112 S. Ct. 475, 482 n.4, 116 L. Ed. 2d 385, 399 n.4 (1991). Thus, an appellate court's inquiry "is not whether, in a trial that occurred without the error,

---

when they were taken, and if anything was modified inside the vehicle after the accident but before the photographs were taken.

> a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in *this* trial was surely unattributable to the error." *Sullivan v. Louisiana*, 508 U.S. 275, 279, 113 S. Ct. 2078, 2081, 124 L. Ed. 2d 182, 189 (1993).

*State v. Joy*, 155 Idaho 1, 11, 304 P.3d 276, 286 (2013).

Rhoads contends that since his defense was that he was not the driver, error in admitting the witness's testimony that C.H. said Rhoads was driving is not harmless. However, not only did C.H. testify at trial that Rhoads was the driver, but a video was admitted showing C.H. making essentially the same statement Rhoads now claims as error. The video shows Rhoads and C.H. sitting in the back of the patrol car. As the two are being transported back to the crash site, Rhoads leans over to C.H. and whispers something into her ear. C.H. nods her head and whispers something back into his ear. C.H. then tells the officer that Jeff was the driver. After the officer exited the vehicle to examine the crash scene, Rhoads continues to reaffirm to C.H. that Jeff was the driver. He tells her of the importance of getting their story straight. Rhoads also continues to caution C.H. about talking. At one point C.H. says to Rhoads, "[My friend] is going to f---ing kill us. Especially you because you were the one f---ing driving." Rhoads responds, "Shh. Don't talk." C.H. then falls back into saying Jeff was the driver. When a second officer arrives on scene, Rhoads quietly tells C.H. to whisper and again reminds her that Jeff was the driver. Not only is the statement almost identical to the one Rhoads claims was admitted in error, but includes a response by Rhoads that is more condemning than C.H.'s statement itself. Rhoads did not respond with a denial, an accusation that C.H. had driven, or a correction that the fictitious Jeff had driven. Instead, he responds by telling C.H. not to talk. That the allegedly inadmissible statement was repeated, without objection, demonstrates that any error is harmless beyond a reasonable doubt.

Additionally, when the witness told Rhoads and C.H. that the police were on their way, Rhoads became distraught. Rhoads also told officers he had never driven the vehicle, but when asked if his fingerprints would be on the steering wheel he responded, "probably." The officer asked how his fingerprints could have ended up on the steering wheel and Rhoads became uncooperative. Rhoads' sunglasses were also found on the driver's side of the vehicle. Finally, Rhoads heavily relies on photographs that show that the seat was moved close to the steering

4

wheel and that two large tennis shoes were on the passenger floorboard.[2] Yet, these photos were admitted without relevant foundation. The defense argued below that the photographs showed Rhoads did not drive; however, the State explained to the jury that there was nothing admitted at trial to show where these photos came from or if anything was altered after the night of the accident. The evidence at trial shows that the verdict rendered is unattributable to the alleged error.

## III.

## CONCLUSION

Even assuming the statement was admitted in error, the nearly-identical statement was played in a video for the jury and any error was harmless beyond a reasonable doubt. Therefore, Rhoads' judgment of conviction for felony driving under the influence and felony operating a vehicle without the owner's consent is affirmed.

Chief Judge GUTIERREZ and Judge LANSING **CONCUR.**

---

[2] This, he contends, establishes that C.H., roughly five-foot-five inches tall, drove and Rhoads, roughly six-feet tall, sat in the passenger seat.